IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FIRSTMERIT BANK, N.A., as assignee of the FDIC, receiver for Midwest Bank & Trust Company,<br><br>Plaintiff,<br><br>v.<br><br>MICRO MEDICS COMPUTER AND PRINT SERVICE INC., MATTHEW J. SHEASBY, and REBEKAH SHEASBY,<br><br>Defendants. | No. |

## COMPLAINT TO ENFORCE LOAN DOCUMENTS

Plaintiff, FirstMerit Bank, N.A., as assignee of the FDIC, receiver for Midwest Bank & Trust Company ("Plaintiff"), by its attorneys, Thompson Coburn LLP, for its Complaint to Enforce Loan Documents, states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is federally-chartered national banking association with its main office, as designated in its articles of association, located in Ohio.

2. Midwest Bank and Trust Company ("Midwest Bank") is a former Illinois banking institution with its principal office located in Elmwood Park, Illinois.

3. On or about May 14, 2010, Midwest Bank was closed by the applicable bank regulatory authorities. The Federal Deposit Insurance Corporation (the "FDIC") was appointed receiver for Midwest Bank. In its capacity as receiver for Midwest Bank, the FDIC sold certain of Midwest Bank's assets to Plaintiff, including the loan which is the subject of this action.

4. As a result of such sale, Plaintiff is the legal owner of the rights and interests set forth in the loan documents which are the subject of this action.

5.  Defendant Micro Medics Computer and Printer Service Inc. ("Micro Medics") is an Illinois corporation that was involuntarily dissolved on August 9, 2013 by the Illinois Secretary of State. Upon information and belief the principal place of business of Micro Medics is located at 550 Telser Road, Lake Zurich, Illinois.

6.  Defendant Matthew J. Sheasby ("Matthew") is a citizen of the State of Illinois who resides at 3416 Deepwood, Crystal Lake, Illinois.

7.  Defendant Rebekah Sheasby ("Rebekah") is a citizen of the State of Illinois who resides at 3416 Deepwood, Crystal Lake, Illinois.

8.  This Court has jurisdiction of this action by virtue of 28 U.S.C. § 1332(a) in that the suit involves a controversy between citizens of different states and the amount in controversy, without interest and costs, exceeds $75,000.00.

9.  Venue is proper in this Court by virtue of 28 U.S.C. §§ 1391(a), 1391(b)(2) and 1391(c) in that Defendants are deemed to reside in this judicial district, and a substantial part of the events or omissions giving rise to the claim occurred in this judicial district and division.

### COUNT I
### (Breach of $300,000 Note – Micro Medics)

10. The allegations set forth in paragraphs 1-9 are incorporated by this reference and made a part of Count I as paragraph 10.

11. On or about February 26, 2010, Micro Medics executed and delivered to Midwest Bank a certain Revolving Line Note II in the original principal amount of $300,000.00 (the "$300,000 Note"). A true and correct copy of the $300,000 Note is attached hereto and made a part hereof as Exhibit A. Plaintiff is now the holder of the $300,000 Note.

12. The $300,000 Note matured on September 2, 2010, but was not paid upon maturity.

13. As of March 31, 2014, there is due and owing under the $300,000 Note the

principal sum of $300,000.00, plus accrued interest in the amount of $66,857.41, plus late charges in the amount of $3,197.47. Interest continues to accrue on the $300,000 Note from and after April 1, 2014 at the per diem rate of $49.99.

14. In addition, under the terms of the $300,000 Note, Micro Medics is obligated to the pay the Plaintiff's legal fees and expenses in enforcing the $300,000 Note.

15. Demand has been made upon Micro Medics to pay the amounts due and owing under the $300,000 Note, but it has failed to do so.

**WHEREFORE**, Plaintiff, FirstMerit Bank, N.A., as assignee of FDIC, receiver for Midwest Bank prays for the entry of a judgment in its favor and against Defendant Micro Medics Computer and Printer Service Inc. in the amount of $370,054.88 as of March 31, 2014, plus interest thereafter at the per diem rate of $49.99, plus an amount equal to its legal fees and costs of collection, and for such other relief as the Court deems just and proper.

## COUNT II
### (Breach of Guaranty of $300,000 Note – Matthew J. Sheasby)

16. The allegations set forth in paragraphs 10-15 are incorporated by this reference and made a part of Count II as paragraph 16.

17. Payment of the $300,000 Note was personally guaranteed by Matthew pursuant to that certain "Guaranty (Individual)" dated May 5, 2004. A true and correct copy of the Guaranty (Individual) is attached hereto and made a part hereof as <u>Exhibit B</u>. Plaintiff is now the holder of the Guaranty (Individual).

18. Matthew failed to pay the amounts due under the $300,000 Note pursuant to the Guaranty (Individual).

19. Demand has been made upon Matthew to pay the amounts due and owing under the Guaranty (Individual), but he has failed to do so.

**WHEREFORE**, Plaintiff, FirstMerit Bank, N.A., as assignee of FDIC, receiver for

3

Case: 1:14-cv-02396 Document #: 1 Filed: 04/03/14 Page 4 of 12 PageID #:1

Midwest Bank prays for the entry of a judgment in its favor and against Defendant Matthew J. Sheasby in the amount of $370,054.88 as of March 31, 2014, plus interest thereafter at the per diem rate of $49.99, plus an amount equal to its legal fees and costs of collection, and for such other relief as the Court deems just and proper.

## COUNT III
### (Breach of $515,000 Note – Micro Medics, Matthew, Rebekah)

20. The allegations set forth in paragraphs 1-9 are incorporated by this reference and made a part of Count III as paragraph 20.

21. On or about February 26, 2010, Micro Medics, Matthew and Rebekah jointly and severally executed and delivered to Midwest Bank a certain Term Note III in the original principal amount of $515,000.00 (the "$515,000 Note"). A true and correct copy of the $515,000 Note is attached hereto and made a part hereof as Exhibit C. Plaintiff is now the holder of the $515,000 Note.

22. The $515,000 Note is secured by a blanket security interest and lien upon substantially all of Micro Medics' assets by virtue of an Amended and Restated Loan and Security Agreement dated May 5, 2004, as amended. True and correct copies of the Amended and Restated Loan and Security Agreement dated May 5, 2004 and Third Amendment to Amended and Restated Loan and Security Agreement dated as of May 1, 2006 are attached hereto and made a part hereof as Exhibits D and E, respectively.

23. The $515,000 Note matured on September 2, 2010, but was not paid upon maturity.

24. As of March 31, 2014, there is due and owing under the $515,000 Note the principal sum of $485,000.00, plus accrued interest in the amount of $83,419.97, plus late charges in the amount of $4,789.21. Interest continues to accrue on the $515,000 Note from and after April 1, 2014 at the per diem rate of $80.83.

25. In addition, under the terms of the $515,000 Note, Micro Medics, Matthew and Rebekah are jointly and severally liable for payment of the Plaintiff's legal fees and expenses in enforcing the $515,000 Note.

26. Demand has been made upon Micro Medics, Matthew and Rebekah to pay the amounts due and owing under the $515,000 Note, but they have failed and refused to do so.

**WHEREFORE**, Plaintiff, FirstMerit Bank, N.A., as assignee of FDIC, receiver for Midwest Bank prays for the entry of a judgment in its favor and against Defendants Micro Medics Computer and Printer Service Inc., Matthew J. Sheasby and Rebekah Sheasby, jointly and severally, in the amount of $573,209.18 as of March 31, 2014, plus interest thereafter at the per diem rate of $80.83, plus an amount equal to its legal fees and costs of collection, and for such other relief as the Court deems just and proper.

## COUNT IV
### (Breach of $689,500 Note – Micro Medics)

27. The allegations set forth in paragraphs 1-9 are incorporated by this reference and made a part of Count IV as paragraph 27.

28. On or about February 26, 2010, Micro Medics executed and delivered to Midwest Bank a certain Term Note IV in the original principal amount of $689,500.00 (the "$689,500"). A true and correct copy of the $689,500 Note is attached hereto and made a part hereof as Exhibit F. Plaintiff is now the holder of the $689,500 Note.

29. The $689,500 Note is secured by a blanket security interest and lien upon substantially all of Micro Medics' assets by virtue of an Amended and Restated Loan and Security Agreement dated May 5, 2004, as amended. *See* Exhibits D and E incorporated herein.

30. The $689,500 Note matured on September 2, 2010, but was not paid upon maturity.

31. As of March 31, 2014, there is due and owing under the $689,500 Note the

5

principal sum of $668,500.00, plus accrued interest in the amount of $148,964.02, plus late charges in the amount of $7,124.88. Interest continues to accrue on the $689,500 Note from and after April 1, 2014 at the per diem rate of $111.41.

32. In addition, under the terms of the $689,500 Note, Micro Medics is obligated to the pay the Plaintiff's legal fees and expenses in enforcing the $689,500 Note.

33. Demand has been made upon Micro Medics to pay the amounts due and owing under the $689,500 Note, but it has failed to do so.

**WHEREFORE**, Plaintiff, FirstMerit Bank, N.A., as assignee of FDIC, receiver for Midwest Bank prays for the entry of a judgment in its favor and against Defendant Micro Medics Computer and Printer Service Inc. in the amount of $824,588.90 as of March 31, 2014, plus interest thereafter at the per diem rate of $111.41, plus an amount equal to its legal fees and costs of collection, and for such other relief as the Court deems just and proper.

## COUNT V
### (Breach of Guaranty of $689,500 Note – Matthew J. Sheasby)

34. The allegations set forth in paragraphs 27-33 are incorporated by this reference and made a part of Count V as paragraph 34.

35. Payment of the $689,500 Note was personally guaranteed by Matthew pursuant to the Guaranty (Individual). *See* <u>Exhibit B</u> incorporated herein. Plaintiff is now the holder of the Guaranty (Individual).

36. Matthew failed to pay the amounts due under the $689,500 Note pursuant to the Guaranty (Individual).

37. Demand has been made upon Matthew to pay the amounts due and owing under the Guaranty (Individual), but he has failed to do so.

**WHEREFORE**, Plaintiff, FirstMerit Bank, N.A., as assignee of FDIC, receiver for Midwest Bank prays for the entry of a judgment in its favor and against Defendant Matthew J.

Sheasby in the amount of $824,588.90 as of March 31, 2014, plus interest thereafter at the per diem rate of $111.41, plus an amount equal to its legal fees and costs of collection, and for such other relief as the Court deems just and proper.

### COUNT VI
### (Breach of $2.2 Million Note – Matthew J. Sheasby and Rebekah Sheasby)

38. The allegations set forth in paragraphs 1-9 are incorporated by this reference and made a part of Count V as paragraph 38.

39. On or about April 25, 2006, Matthew and Rebekah, jointly and severally, executed and delivered to Royal American Bank a certain Promissory Note in the original principal amount of $2.2 million (the "$2.2 Million Note"). A true and correct copy of the $2.2 Million Note is attached hereto and made a part hereof as Exhibit G. Midwest Bank was the successor to Royal American Bank and thereby became holder of the $2.2 Million Note, and now Plaintiff is now the holder of the $2.2 Million Note.

40. The $2.2 Million Note matured on April 25, 2011 but was not paid upon maturity.

41. Demand has been made upon Matthew and Rebekah to pay the amounts due and owing under the $2.2 Million Note, but they have failed to do so.

42. As of March 31, 2014, there is due and owing under the $2.2 Million Note the principal sum of $411,066.41, plus accrued interest in the amount of $65,316.71, plus late charges in the amount of $103,289.65. Interest continues to accrue on the $2.2 Million Note from and after April 1, 2014 at the per diem rate of $82.78.

43. In addition, under the terms of the $2.2 Million Note, Matthew and Rebekah are jointly and severally obligated to the pay the Plaintiff's legal fees and expenses in enforcing the $2.2 Million Note.

**WHEREFORE**, Plaintiff, FirstMerit Bank, N.A., as assignee of FDIC, receiver for Midwest Bank prays for the entry of a judgment in its favor and against Defendant Matthew J.

7

Sheasby and Rebekah Sheasby, jointly and severally, in the amount of $579,672.77 as of March 31, 2014, plus interest thereafter at the per diem rate of $82.78, plus an amount equal to its legal fees and costs of collection, and for such other relief as the Court deems just and proper.

### COUNT VII
### (Breach of Guaranty of $2.2 Million Note – Micro Medics)

44. The allegations set forth in paragraphs 38-43 are incorporated by this reference and made a part of Count VII as paragraph 44.

45. Payment of the $2.2 Million Note was personally guaranteed by Micro Medics pursuant to that certain Commercial Guaranty dated April 25, 2006. A true and correct copy of the Commercial Guaranty is attached hereto and made a part hereof as Exhibit H. Plaintiff is now the holder of the Commercial Guaranty.

46. Micro Medics failed to pay the amounts due under the $2.2 Million Note pursuant to its Commercial Guaranty.

47. Demand has been made upon Micro Medics to pay the amounts due and owing under the Commercial Guaranty, but it has failed to do so.

**WHEREFORE**, Plaintiff, FirstMerit Bank, N.A., as assignee of FDIC, receiver for Midwest Bank prays for the entry of a judgment in its favor and against Defendant Micro Medics Computer and Printer Service Inc. in the amount of $579,672.77 as of March 31, 2014, plus interest thereafter at the per diem rate of $82.78, plus an amount equal to its legal fees and costs of collection, and for such other relief as the Court deems just and proper.

### COUNT VIII
### (Breach of $248,000 Note – Matthew J. Sheasby and Rebekah Sheasby)

48. The allegations set forth in paragraphs 1-9 are incorporated by this reference and made a part of Count VIII as paragraph 48.

49. On or about February 11, 2009, Matthew and Rebekah, jointly and severally,

8

executed and delivered to Midwest Bank a certain Promissory Note in the original principal amount of $261,000, which was later modified by a certain Modification of Promissory Note dated February 11, 2010 in the principal amount of $248,000 (collectively, the "$248,000 Note"). A true and correct copy of the promissory note in the original principal amount of $261,000 is attached hereto and made a part hereof as Exhibit I, and the Modification of Promissory Note is attached hereto and made a part hereof as Exhibit J. Plaintiff is now the holder of the $248,000 Note.

50. The $248,000 Note matured on September 2, 2010 but was not paid upon maturity.

51. Demand has been made upon Matthew and Rebekah to pay the amounts due and owing under the $248,000 Note, but they have failed to do so.

52. As of March 31, 2014, there is due and owing under the $248,000 Note the principal sum of $242,000.00, plus accrued interest in the amount of $41,623.99, plus late charges in the amount of $2,391.64. Interest continues to accrue on the $248,000 Note from and after April 1, 2014 at the per diem rate of $40.33.

53. In addition, under the terms of the $248,000 Note, Matthew and Rebekah are jointly and severally obligated to the pay the Plaintiff's legal fees and expenses in enforcing the $248,000 Note.

**WHEREFORE**, Plaintiff, FirstMerit Bank, N.A., as assignee of FDIC, receiver for Midwest Bank prays for the entry of a judgment in its favor and against Defendant Matthew J. Sheasby and Rebekah Sheasby, jointly and severally in the amount of $286,015.63 as of March 31, 2014, plus interest thereafter at the per diem rate of $40.33, plus an amount equal to its legal fees and costs of collection, and for such other relief as the Court deems just and proper.

## COUNT IX
### (Breach of Guaranty of $248,000 Note – Micro Medics)

54. The allegations set forth in paragraphs 48-53 are incorporated by this reference and made a part of Count IX as paragraph 54.

55. Payment of the $248,000 Note was personally guaranteed by Micro Medics pursuant to that certain Commercial Guaranty dated February 11, 2009. A true and correct copy of the Commercial Guaranty is attached hereto and made a part hereof as Exhibit K. Plaintiff is now the holder of the Commercial Guaranty.

56. Micro Medics failed to pay the amounts due under the $248,000 Note pursuant to its Commercial Guaranty.

57. Demand has been made upon Micro Medics to pay the amounts due and owing under the Commercial Guaranty, but it has failed to do so.

**WHEREFORE**, Plaintiff, FirstMerit Bank, N.A., as assignee of FDIC, receiver for Midwest Bank prays for the entry of a judgment in its favor and against Defendant Micro Medics Computer and Printer Service Inc. in the amount of $286,015.63 as of March 31, 2014, plus interest thereafter at the per diem rate of $40.33, plus an amount equal to its legal fees and costs of collection, and for such other relief as the Court deems just and proper.

## COUNT X
### (Replevin – Micro Medics)

58. The allegations set forth in paragraphs 20-33 are incorporated by this reference and made a part of Count X as paragraph 58.

59. Plaintiff has performed all of its duties, obligations, and conditions precedent required under the $515,000 Note and $689,500 Note, which, except as set forth herein, have never been assigned, transferred, or hypothecated to, or otherwise lawfully seized by any person or entity.

60. Based upon Micro Medics' default under the $515,000 Note and $689,500 Note, Plaintiff has the immediate right to possession of substantially all of Micro Medics' assets as set forth in the Amended and Restate Loan and Security Agreement dated May 5, 2004 as amended by the Third Amendment to Amended and Restated Loan and Security Agreement dated May 1, 2006 (the "Business Assets"). *See* Exhibits D and E incorporated herein.

61. Micro Medics has wrongfully detained the Business Assets since Micro Medics has ignored Plaintiff's demands to pay sums due pursuant to the $515,000 Note and $689,500 Note, and Micro Medics has failed to surrender these assets to Plaintiff.

62. Upon information and belief, the Business Assets have not been taken for any tax, assessment, or fine levied by virtue of any law of this State against such property or against Plaintiff or Micro Medics, nor seized under any lawful process or against the good and chattels of Plaintiff or Micro Medics subject to such lawful process, nor held by virtue of any order of replevin against Plaintiff.

63. The fair market value of the Business Assets is presently unknown to Plaintiff.

**WHEREFORE**, Plaintiff, FirstMerit Bank, N.A., as assignee of FDIC, receiver for Midwest Bank prays that this Court:

(A) Declare that Plaintiff is entitled to immediate possession of the Business Assets;

(B) Enter an order of replevin relating to the Business Assets;

(C) Enter judgment for the value of the Business Assets not returned; and

(D) Award such other relief as the Court deems just and proper.

### COUNT XI
### (Detinue – Micro Medics)

64. The allegations set forth in paragraphs 58-63 are incorporated by this reference and made a part of Count XI as paragraph 64.

**WHEREFORE**, Plaintiff, FirstMerit Bank, N.A., as assignee of FDIC, receiver for Midwest Bank prays that this Court:

(A) Declare that Plaintiff is entitled to immediate possession of the Business Assets;

(B) Award damages in detinue through the entry of judgment based upon Borrower's failure to deliver possession of the Business Assets to Plaintiff;

(C) Compel Borrower to deliver possession of the Business Assets to Plaintiff or its designee within five days; and

(D) Award such other relief as the Court deems just and proper.

                Respectfully submitted,

                FIRSTMERIT BANK, N.A. as assignee of FDIC, receiver for Midwest Bank and Trust Company

                By: /s/ Ann Addis Pantoga
                     One of Its Attorneys

Richard T. Reibman (ARDC #3122849)
Ann Addis Pantoga (ARDC #6243624)
Thompson Coburn LLP
55 East Monroe Street, 37th Floor
Chicago, IL 60603
Telephone: (312) 346-7500