UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FIRSTMERIT BANK, N.A., as assignee of the FDIC, receiver for Midwest Bank & Trust Company, <br><br> Plaintiff, <br><br> v. <br><br> MICRO MEDICS COMPUTER AND PRINT SERVICE INC., MATTHEW J. SHEASBY, and REBEKAH SHEASBY, <br><br> Defendants. | No. 14 CV 2396 <br> Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

Plaintiff FirstMerit Bank, N.A. ("Plaintiff"), a federally chartered banking association, brought this action against Defendants Micro Medics Computer and Print Service Inc., Matthew J. Sheasby, and Rebekah Sheasby to enforce loan documents and to recover owed amounts and assets. Defendant Micro Medics ("Defendant") now moves to dismiss Counts X for replevin and XI in detinue pursuant to Fed. R. Civ. P. 12(b)(6).

On May 14, 2010, Plaintiff purchased from Midwest Bank and Trust Company's ("Midwest Bank") receiver, the Federal Deposit Insurance Corporation ("FDIC"), certain of Midwest Bank's assets, including Term Notes III and IV in the original principal amounts of $515,000 and $689,500, respectively, executed and delivered by Defendant. On August 9, 2013, Defendant was involuntarily dissolved, and based on Defendant's default under Notes III and IV, Plaintiff alleges that it has the immediate right to possession of substantially all of Defendant's assets as set forth in the Amended and Restated Loan and Security Agreement, dated May 5, 2004, and amended by the Third Amendment to Amended and Restated Loan and Security

1

Agreement, dated May 1, 2006 (the "Business Assets"). Plaintiff alleges that it has performed all of its duties obligations and conditions under Term Notes III and Note IV. Plaintiff further alleges that Defendant has "wrongfully detained the Business Assets since [Defendant] has ignored Plaintiff's demands to pay sums due pursuant to the $515,000 Note and $689,500 Note."

The applicable dismissal standard is clear: "A complaint should not be dismissed for failure to state claim unless it appears beyond doubt that the plaintiff is unable to prove any set of facts which would entitle the plaintiff to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 546, 127 S.Ct. 1955, 1959 (2007).

*Count X*

Defendant argues that Count X must be dismissed because Plaintiff failed to (1) verify the Complaint; (2) identify and describe the property to be replevied; (3) demand the return of the property; (4) adequately allege that the Business Assets had not been taken for tax, assessment, or fine levied by the State; and (5) indicate the fair market value of the property to be replevied. Section 19-104 of the Illinois Code of Civil Procedure sets forth the four elements required to be pleaded in a complaint for replevin:

> An action of replevin shall be commenced by the filing of a verified complaint which describes the property to be replevied and states that the plaintiff in such action is the owner of the property so described, or that he or she is then lawfully entitled to the possession thereof, and that the property is wrongfully detained by the defendant, and that the same has not been taken for any tax, assessment, or fine levied by virtue of any law of this State, against the property of such plaintiff, or against him or her individually, nor seized under any lawful process against the goods and chattels of such plaintiff subject to such lawful process, nor held by virtue of any order for replevin against such plaintiff.

*See* 735 ILCS 5/19-104.

Plaintiff concedes that it did not verify the Complaint, as required by law, and requests leave to file its verification. Failure to verify a complaint is a technical defect curable by

amendment, and I grant Plaintiff leave to file its verification. *Halsted Video, Inc. v. Guttilo*, 115 F.R.D. 177, 180 (N.D. Ill. Feb. 27, 1987) (court directed plaintiff to verify complaint within 30 days).

Plaintiff has adequately pled in ¶ 61 of the Complaint that Defendant ignored its demands to return the owed funds. Without being in possession of actual knowledge, Plaintiff has adequately pled, upon information and belief, that the Business Assets have not been seized. Plaintiff is not required to identify the fair market value of the Business Assets to state a claim for replevin over the Business Assets.

A plaintiff can sue for replevin only for property which is capable of identification and return. *Wilson v. M & W Gear*, 110 Ill.App.3d 538, 540, 442 N.E.2d 671 (Ill. App. Ct. 1982). A plaintiff may, however, also proceed under the original replevin complaint for the value of the property not found or delivered. *Id*. Defendant argues that Plaintiff's Complaint, alleging that "substantially all" of Defendant's assets, as set forth in the Security Agreement, are secured collateral subject to replevin, indicates that some property is exempted and that Plaintiff has failed to adequately identify which property is to be replevied. Plaintiff argues that Paragraph 6.2 in the Security Agreement provides that Defendant grants a continuing and unconditional security interest in any and all property of Defendant, and so, all of Defendant's Business Assets are subject to replevin. Plaintiff has adequately provided Defendant notice as to the property it seeks to replevin, and so Count X will not be dismissed.

*Count XI*

Defendant argues that Plaintiff has failed to adequately state a claim for detinue because it is founded on the right of title to property, not merely possession. Detinue is a possessory action for the recovery of specific personal property and damages for its detention. *Barber v.*

*Ruth*, 1991 WL 32707 *1 (N.D.Ill. 1991). A finding for plaintiff is proper in detinue where it is established that plaintiff's right to possession is superior to that of defendant. *L&LC Trucking Co. v. Jack Freeman Trucking Co.*, 36 Ill.App.3d 186, 188, 343 N.E.2d 716 (1st Dist. 1976). Although Plaintiff's allegation that it is in *possession*, rather than title, of property does not fail, "detinue is not designed to facilitate the recovery of a purely monetary obligation allegedly owed by a defendant to plaintiff." *Barber*, 1991 WL 32707, *2 (court dismissed plaintiff's detinue claim to recover funds withdrawn by defendant from a money market account). Plaintiff alleges that (1) Defendant defaulted on Notes III and IV; (2) that it made a demand on Defendant to pay the sums due; and (3) it is entitled to possession of the Business Assets. Plaintiff seeks recovery of funds, and detinue is an inappropriate theory under which to seek the recovery of a "money obligation." *Id*. Therefore, Count XI is dismissed.

For the foregoing reasons, Defendant's motion to dismiss is denied with respect to Count X and granted with respect to Count XI. Plaintiff is granted leave to file the Verification of Plaintiff's Complaint.

ENTER:

*/s/ James B. Zagel*

James B. Zagel
United States District Judge

DATE: August 29, 2014